UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

THE HANSEN FOUNDATION, INC.,
a New Jersey not for profit
corporation; and HANSEN
HOUSE, LLC, a New Jersey
limited liability
company
        *Plaintiffs*,

       v.

CITY OF ATLANTIC CITY, a
municipal corporation of the
State of New Jersey; the
ATLANTIC CITY ZONING BOARD OF
ADJUSTMENT; and SHEILA Y.
OLIVER, in her official
capacity as Commissioner of
the NEW JERSEY DEPARTMENT OF
COMMUNITY AFFAIRS
        *Defendants*.

No. 1:21-cv-20392 (NLH/EAP)

**OPINION**

---

**APPEARANCES**:

Christopher S. D'Esposito, Esq.
Keith Alan Davis, Esq.
Stephanie E. Farrell, Esq.
Nehmad Perillo Davis & Goldstein, P.C.
4030 Ocean Heights Avenue
Egg Harbor Township, NJ 08234

   *Attorneys for Plaintiffs*.

Richard D. Trenk, Esq.
Trenk Isabel Siddiqi & Shahdanian P.C.
290 W. Mt. Pleasant Ave.
Suite 2370
Livingston, NJ 07039

   *Attorney for Defendants City of
   Atlantic City and Atlantic City
   Zoning Board of Adjustment*

Patrick D. Tobia, Esq.
Gordon & Rees
18 Columbia Turnpike
Suite 220
Florham Park, NJ 07932

    *Attorney for Defendant*
    *Sheila Oliver*

**HILLMAN, District Judge**

This matter involves a dispute between a group home for women recovering from drug and alcohol addiction and the City of Atlantic City, whose enforcement of various zoning provisions has deemed Plaintiffs' facility noncompliant.  Currently pending before the court are the Defendant City of Atlantic City / Atlantic City Zoning Board of Adjustment's (City Defendants) Motion to Dismiss Plaintiffs' Amended Complaint,[1] (ECF No. 22) as well as Defendant Sheila Oliver's Motion to Dismiss Plaintiffs' Amended Complaint (ECF No. 31.)  For the reasons that follow, the City Defendants' motion will be granted in part and denied in part and Defendant Oliver's motion will be converted to a motion for summary judgment.

---

[1] Defendant Atlantic City Zoning Board of Adjustment has joined in the City of Atlantic City's motion on the basis that the City and the Board are "inherently connected" and "share common defenses to the within litigation." (ECF No. 30 at 1.)

**BACKGROUND**

This is not the first time the core dispute between the parties has been before this Court. See The Hansen Foundation, Inc. v. City of Atlantic City, 504 F. Supp 3d 327 (D.N.J. 2020)("Hansen I").  In 2019, Plaintiffs herein filed an action in New Jersey Superior Court asserting roughly the same mix of federal and state claims challenging the City Defendants' outright ban on group homes in the City's R-2 residential zone. Id. at 332-33.  Relying on Plaintiffs' assertions of federal statutory claims, Defendants removed that action to this Court. Id. at 333.  After considering cross-motions for summary judgment and resolving Plaintiffs' disparate treatment and disparate impact claims as originally pled, this Court declined to rule on Plaintiffs' other federal claims and one state law claim under the New Jersey Civil Rights Act ("NJCRA") as unripe because City zoning authorities had yet to rule completely on those claims. Id. at 340-45.  Having declined to exercise jurisdiction over those claims at that time given the procedural posture of the case, the court remanded the remaining state law claim under the New Jersey Law Against Discrimination ("NJLAD") because by state statute the New Jersey Superior Court had exclusive jurisdiction over that claim.  Id. at 342.

Having apparently exhausted the City administrative process without success, Plaintiffs' bring the instant action,

3

reasserting their claims under the Fair Housing Act, 42 U.S.C. § 3604(f) ("FHA")(Count One); Americans With Disabilities Act, 42 U.S.C. § 12132 ("ADA")(Count Two); Rehabilitation Act, 29 U.S.C. § 794(a) ("RHA") (Count Three); NJCRA, N.J.S.A. 10:6-1, 6-2 (Count 4); NJLAD, N.J.S.A. 10:5-12(d) and (g)(Count 5); and a new claim under the Municipal Law Use Law, N.J.S.A. 40:55D-10(g)(1)-(2)("MLUL")(Count 6). (ECF No. 17.)

City Defendants and Oliver now move to dismiss the First Amended Complaint ("FAC") on various grounds; City Defendants challenging individual counts, and Oliver challenging the FAC as a whole.  Those arguments will be addressed in turn.

## DISCUSSION

### I. Subject Matter Jurisdiction

This Court has subject matter jurisdiction over Plaintiffs' federal claims pursuant to 28 U.S.C. § 1331.  This Court may exercise supplemental jurisdiction over Defendants' state law claims under 28 U.S.C. § 1367.

### II. Standard of Review

When considering a motion to dismiss a complaint for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6), a court must accept all well-pleaded allegations in the complaint as true and view them in the light most favorable to the plaintiff. Evancho v. Fisher, 423 F.3d 347, 350 (3d Cir. 2005).  A pleading

4

is sufficient if it contains "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (citation omitted).

To determine the sufficiency of a complaint, a court must take three steps:

> First, the court must tak[e] note of the elements a plaintiff must plead to state a claim. Second, the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Third, whe[n] there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.

Malleus v. George, 641 F.3d 560, 563 (3d Cir. 2011) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 664, 675, 679 (2009) (alterations, quotations, and other citations omitted).

A court in reviewing a Rule 12(b)(6) motion must only consider the facts alleged in the pleadings, the documents attached thereto as exhibits, and matters of judicial notice. S. Cross Overseas Agencies, Inc. v. Kwong Shipping Grp. Ltd.,

5

181 F.3d 410, 426 (3d Cir. 1999).  "A motion to dismiss should be granted if the plaintiff is unable to plead 'enough facts to state a claim to relief that is plausible on its face.'" Malleus, 641 F.3d at 563 (quoting Twombly, 550 U.S. at 570).

### III. Analysis

#### A. City Defendants' Motion[2]

##### 1. New Jersey Law Against Discrimination

Defendants first argue that Plaintiffs' NJLAD count, Count 5, is not properly before this Court.  Defendants are correct. As noted above, in Hansen I this Court determined that "[P]laintiffs' NJLAD claim . . . must be remanded to the Superior Court for lack of jurisdiction . . . [because the] New Jersey Superior Court has exclusive jurisdiction over claims of discrimination in land use policy by a municipality that arise under N.J.S.A. § 10:5-12.5[.]"  Id., 504 F. Supp. 3d at 342. Despite this earlier ruling, Plaintiffs now claim their NJLAD claim in the FAC is properly before this Court because they are suing under N.J.S.A. 10:5-12, as opposed to N.J.S.A. 10:5-12.5 (ECF No. 29 at 9).  Plaintiffs misread the statute.  Section 12 which Plaintiffs now rely on, pertains to "Unlawful employment practices, discrimination[,]" as opposed to § 10:5-12.5, which

---

[2] The court shall address the claims in the order in which City Defendants present same in their Motion, as opposed to the order in which they appear in Plaintiffs' Amended Complaint.

specifically pertains to the issue at hand: "Regulation of land use, housing, unlawful discrimination."

Plaintiffs further cite to subsections (d) and (g)(1) of 10:5-12 in support of their current LAD claim. Said subsections — again, both under the title "Unlawful employment practices, discrimination" — provide as follows:

> It shall be an unlawful employment practice, or, as the case may be, an unlawful discrimination:
>
>> d. For any person to take reprisals against any person because that person has opposed any practices or acts forbidden under this act or because that person has sought legal advice regarding rights under this act, shared relevant information with legal counsel, shared information with a governmental entity, or filed a complaint, testified or assisted in any proceeding under this act or to coerce, intimidate, threaten or interfere with any person in the exercise or enjoyment of, or on account of that person having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected by this act.
>> * * * *
>> g. For any person, including but not limited to, any owner, lessee, sublessee, assignee or managing agent of, or other person having the right of ownership or possession of or the right to sell, rent, lease, assign, or sublease any real property or part or portion thereof, or any agent or employee of any of these:
>>> (1) To refuse to sell, rent, lease, assign, or sublease or otherwise to deny to or withhold from any person or group of persons any real property or part or portion thereof because of race, creed, color, national origin, ancestry, marital status, civil union status, domestic partnership status, pregnancy or breastfeeding, sex, gender identity or expression, affectional or

7

>>sexual orientation, familial status, disability, liability for service in the Armed Forces of the United States, nationality, or source of lawful income used for rental or mortgage payments[.]

N.J.S.A. 10:5-12(d), (g)(1).

Clearly, Subsection (d) is inapplicable, as the zoning issues began prior to Plaintiffs' opposition to same. With respect to Subsection (g)(1), none of the defendants can be deemed a "[p]erson, including but not limited to, any owner, lessee, sublessee, assignee or managing agent of, or other person having the right of ownership or possession of or the right to sell, rent, lease, assign, or sublease any real property or part or portion thereof, or any agent or employee of any of these[.]" Instead, Defendants are a municipality and "local civil or political subdivisions of the State of New Jersey, or an officer, employee, or agent thereof." N.J.S.A. 10:5-12.5. As such, this Court's prior finding that it lacked jurisdiction is wholly applicable to the instant matter. Plaintiffs must pursue their NJLAD claims in State court, as was previously held. Count 5 will be dismissed.

### 2. New Jersey Civil Rights Act

Next, Defendants move to dismiss Count 4, claiming the FAC fails to identify an underlying constitutional right. This Court disagrees. "A person may bring a civil action under the [NJCRA] in two circumstances: '(1) when he's deprived of a

8

right, or (2) when his rights are interfered with by threats, intimidation, coercion or force.'" Galicki v. New Jersey, Civil Action No. 14-169, 2015 U.S. Dist. LEXIS 84365, at *22 (D. N.J. June 29, 2015)(quoting Felicioni v. Admin. Office of Courts, 961 A.2d 1207, 1218 (N.J. App. Div. 2008)).

To that end,

> The NJCRA is interpreted analogously to 42 U.S.C. § 1983. Accordingly, Plaintiff must plead facts demonstrating a § 1983 violation in order to state a viable NJCRA claim.  To establish a cause of action under § 1983, Plaintiff must demonstrate that: (1) there was a violation of a right secured by the Constitution and laws of the United States, and (2) the alleged violation was committed by a person acting under color of state law.

Handelman v. New Jersey, Civil Action No. 16-2325, 2016 U.S. Dist. LEXIS 95471, at *26-27 (D. N.J. July 12, 2016) (cleaned up).

However, in relation to the NJCRA,

> By its terms, of course, [§ 1983] creates no substantive rights; it merely provides remedies for deprivations of rights established elsewhere." City of Oklahoma City v. Tuttle, 471 U.S. 808, 816, 105 S. Ct. 2427, 85 L. Ed. 2d 791 (1985). Thus, "[t]o establish a claim under 42 U.S.C. § 1983, [a plaintiff] must demonstrate a violation of a right secured by the Constitution and the laws of the United States [and] that the alleged deprivation was committed by a person acting under color of state law." Moore v. Tartler, 986 F.2d 682, 685 (3d Cir. 1993). Like § 1983, ***NJCRA is a means of vindicating substantive rights and is not a source of rights itself***. Gormley v. Wood-El, 218 N.J. 72, 93 A.3d 344, 358 (N.J. 2014).

Eivich v. E. Greenwich Twp., 1:20-cv-06851,2021 U.S. Dist. LEXIS 42599, at *6 n.3 (D. N.J. March 8, 2021)(emphasis added).

Importantly,

> "Section 1983 provides remedies for the deprivation of both procedural and substantive rights while [the NJCRA] provides remedies only for the violation of substantive rights." Tumpson v. Farina, 218 N.J. 450, 477, 95 A.3d 210 (2014). In other words, the NJCRA does not apply to procedural due process claims. Mattson v. Aetna Life Ins. Co., 124 F. Supp. 3d 381, 390 (D.N.J. 2015) ("'[A] procedural due process claim cannot be brought under the NJCRA.'") (quoting Major Tours, Inc. v. Colorel, 799 F. Supp. 2d 376, 405 (D.N.J. 2011)).

O'Toole v. Klingen, Civil Action No. 14-6333, 2017 U.S. Dist. LEXIS 5296, at *22-23 (D. N.J. Jan. 13, 2017).

Here, in Count Four of the FAC, Plaintiffs have pleaded Defendants City and Board, acting under color of state law and with discriminatory animus towards women in recovery, applied Code provisions and ordinances that violated concepts of substantive due process as defined by decisions of the New Jersey Supreme Court.  (Am. Compl. ¶¶ 267-74).  Such allegations sufficiently plead a claim under the New Jersey Civil Rights Act.  In particular, Plaintiffs more than adequately plead a plausible claim that City Defendants' definition of a family unit violates long-established New Jersey law.  (Am. Compl. ¶¶ 32-35.)  Accordingly, City Defendants' motion to dismiss Count 4 will be denied.

### 3. Federal Claims

Lastly, the City Defendants move to dismiss all three of Plaintiffs' federal claims,[3] arguing that Count 6, the MLUL count, is the predominate claim in this litigation, thereby compelling dismissal of Plaintiffs' federal claims in deference to state court where "this case belongs." (ECF No. 22-1 at 23-27.) The court first notes the irony of City Defendants' position. As set forth above, it is the City of Atlantic City that first brought this dispute onto this Court's docket in 2019 by removing Plaintiffs' initial action that had been originally filed in state court. Moreover, in litigating Hansen I, City Defendants sought not to dismiss those claims but instead, to obtain summary judgment by arguing Plaintiffs' federal claims failed on the merits or were unripe. In doing so, City Defendants never argued that even if said claims were ripe, this Court should decline to adjudicate them.

Second, City Defendants' motion conflates justiciability and jurisdiction when it argues the Court should decline to exercise "supplemental jurisdiction" over the federal claims in Counts 1, 2, and 3 because Count 6, a state law claim, is Plaintiffs' true core claim. This nomenclature is incorrect as

---

[3] Said claims arise under the: Fair Housing Act, 42 U.S.C. § 3604(f)(Count One); Americans With Disabilities Act, 42 U.S.C. § 12132 (Count Two); and, Rehabilitation Act, 29 U.S.C. § 794(a) (Count Three).

11

a matter of statutory definition.  By statute, "in any civil action of which the district courts have original jurisdiction . . . [the Court] shall have supplemental jurisdiction over all other claims that are so related to . . . [to the original jurisdiction claims] that they form the part of the same case or controversy." 28 U.S.C. § 1367(a).  By definition, this Court does not exercise supplemental jurisdiction over Counts 1, 2 and 3.  Rather, it exercises primary or original jurisdiction over those claims which authorize to certain aggrieved parties a federal statutory cause of action. See DeAscencio v. Tyson Foods, Inc., 342 F.3d 301, 308 (3d Cir. 2003) ("Under section 1367, a district court has authority to exercise supplemental jurisdiction over non-federal claims arising from the same case or controversy as the federal claim.").

Moreover, and importantly, just as City Defendants did not mount a complete challenge to the federal claims in Hansen I, they offer no substantive challenge to the merits of Plaintiffs' FHA, ADA or RHA claims in this case, at this stage.  Rather, what City Defendants appear to really want, without arguing it per se, is for this Court to abstain from hearing Plaintiffs' federal statutory claims on the merits.  (ECF No. 22-1 at 24-25.)  The Court will decline to accept City Defendants' invitation.

12

First, as we have noted, City Defendants, in litigating Hansen I on the merits, have waived any prudential affirmative defense such as abstention. See Winston v. Children & Youth Services, 948 F.2d 1380, 1385 (3d Cir. 1991)(finding abstention argument had been waived for failure to raise before a decision on the merits had been reached and for failure to preserve the issue earlier by discussing same in prior brief).

Second, none of the authorities cited by City Defendants' counsel for or support the notion that this Court must decline to adjudicate Plaintiffs' federal claims on the merits. DeAscencio does not stand for the proposition that a federal court should abstain from hearing federal statutory claims related to state claims. In that case, the court had assumed jurisdiction and presided over a settlement of a federal statutory opt-in collective action under the Fair Labor Standards Act. The issue before the Court of Appeals was, having assumed federal question jurisdiction in a collective action, whether it was an abuse of discretion for the district court to have exercised supplemental jurisdiction over a belatedly asserted state law based class action. DeAscencio is of no help to City Defendants here.

Lapid-Laurel, L.L.C. v. Zoning Bd. Of Adjustment of Township of Scotch Plains, 284 F.3d 442 (3d Cir. 2002), cited at length by City Defendants, actually stands for the opposite

13

proposition posed by their motion. In that case, the district court and Court of Appeals adjudicated on the merits the Plaintiff's position that the municipality's application of its zoning code violated the FHA as amended. There was no dismissal of Plaintiff's federal statutory discrimination claims in Lapid-Laurel simply because the challenged conduct involved local zoning laws.

The closest City Defendants come to offering case law to support their position is Chez Sez III Corp. v. Township of Union, 945 F.2d 628 (3d Cir. 1991). In that case, the plaintiff, owner of an adult video shop, challenged a local zoning board's adverse ruling against the store on federal constitutional grounds. Relying on Pullman abstention,[4] the Court in Chez Sez did defer to the adjudicative process in state court. But there are several meaningful distinctions between this case and Chez Sez. First, the claim the Chez Sez court abstained from was a federal constitutional claim. Chez Sez merely articulates the longstanding prudential principle that a federal court should not, as a matter of comity, reach a federal constitutional issue where application of state law may resolve the dispute. But this is not a case in which constitutional avoidance should apply. Here, Plaintiffs assert not federal

---

[4] Railroad Comm'n of Texas v. Pullman Co., 312 U.S. 496 (1941).

14

constitutional claims but federal statutory claims.  Declining to hear an otherwise valid statutory discrimination cause of action expressly created by Congress is not abstention, it is abdication.

Moreover, the Chez Sez Court not only placed its trust in the state process, but it also predicted ways a state court decision would eliminate the adjudication of the federal claim. Id. at 633.  This Court has no such confidence in this case. The NJLAD claim remanded to state court in Hansen I is a matter of exclusive state jurisdiction.  Yet, for reasons unknown, the state court has stayed that claim despite its jurisdictional exclusivity, apparently in deference to this Court.  Unlike Chez Sez, there can be no confidence in such a case that litigation in state court might resolve Plaintiffs' statutory claims.

Lastly, as noted above, the City Defendants have waived application of any abstention doctrine,[5] by virtue of removing Hansen I from state court.  Clearly, Plaintiffs were satisfied to be in state court, where they filed Hansen I initially and where both their federal and state claims could be heard.  For City Defendants to seek that result now smacks of gamesmanship

---

[5] Defendants cite to Younger v. Harris, 401 U.S. 37 (1971) but as noted above, do not expressly seek abstention under any theory.

and delay merely for the sake of delay in a dispute that is already years old.[6]

### B. Defendant Oliver's Motion

Turning now to Defendant Oliver's motion to dismiss, the Court will exercise its discretion to convert the motion to one for summary judgment as contemplated under Federal Rule of Civil Procedure 12(d). Oliver seeks dismissal of Counts One, Two and Three of Plaintiffs' Amended Complaint on the bases of: Eleventh Amendment immunity; lack of federal jurisdiction over local zoning decisions; use of an alleged failure to grant an accommodation as a means by which to obtain a mandamus that

---

[6] In Cradle of Liberty Council, Inc. v. City of Phila., CIVIL ACTION NO. 08-2429, 2010 U.S. Dist. LEXIS 1082(E.D. Pa. Jan. 7, 2010), our neighboring court astutely recognized the following:

> "[I]f the State voluntarily chooses to submit to a federal forum, principles of comity do not demand that the federal court force the case back into the State's own system." Hodory, 431 U.S. at 480. In this respect, the City cannot assert Younger abstention after already having submitted to a federal forum without previously raising this argument.
> * * * *
> [T]he Court recognizes the deference it owes to state courts in accord with the notions of comity the Younger doctrine embodies. Allowing the City to at once fully litigate their case in federal court, but then, at the drop of the Younger abstention argument, to abandon the federal forum for a state court favors not the worthy principles of comity, but the principles of forum-shopping and judicial inefficiency.

Cradle of Liberty Council, Inc., 2010 U.S. Dist. LEXIS 1082, at *8-12.

16

cannot be granted in this forum; and, applicability of a prior settlement and release (Agreement) between the parties (ECF Nos. 31, 40).

The latter defense appears to have merit on its face and would also, if sustained, moot the other defenses. However, in order to consider the defense, this Court must assess the provisions, scope and enforceability of the purported settlement agreement. While the court may rely upon an undisputedly authentic document in ruling on a motion to dismiss, see Mannery v. Do, Civil No. 22-cv-4451, 2023 U.S. Dist. LEXIS 31845, at *4 (D. N.J. Feb. 27, 2023) ("[A] court may consider . . . any undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document."), and here the Plaintiffs do not appear to contest authenticity, the alleged agreement is nevertheless outside the four corners of the Amended Complaint. Nor do Plaintiffs base their claims on it. To the contrary, any determination by the court that Plaintiffs' claims are barred by the settlement agreement makes the agreement antithetical to the Amended Complaint not a foundation for it.

Under such circumstances, the court may invoke Federal Rule of Civil Procedure 12(d) and convert the motion to dismiss into one for summary judgment. See United States v. Estate of Elson, 421 F. Supp. 3d 1, 5 (D.N.J. 2019)("[I]f, on a motion under Rule

17

12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56."). However, this Court must first provide the parties notice of its intention to do so before ruling under Federal Rule of Civil Procedure 56. Id. ("All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion[,]" after conversion from 12(b)(6) to 56).

## CONCLUSION

For the reasons set forth above, the court will grant in part and deny in part City Defendants' Motion to Dismiss (ECF No. 22). Count Five of Plaintiffs' Amended Complaint will be dismissed and Counts One, Two, Three, Four and Six may proceed. Defendant Oliver's Motion to Dismiss will be denied without prejudice except to the extent it asserts a defense of an existing settlement and release. Notice is hereby given that the court will convert that aspect of Defendant Oliver's motion to one for summary judgment. Fed.R.Civ.P. 12(d) and 56.

An appropriate Order will accompany this Opinion.

Dated:  3/21/23           /s/ Noel L. Hillman   J.
Camden, New Jersey        Noel L. Hillman, U.S.D.J.