

Keith A. Davis
Partner

kdavis@ndglegal.com

4030 Ocean Heights Avenue
Egg Harbor Township, NJ 08234

t 609 927 1177
f 609 926 9721

November 7, 2024

*Via PACER*
Magistrate Judge Elizabeth A. Pascal
United States District Court
District of New Jersey
Mitchell H. Cohen Building and U.S. Courthouse
4th & Cooper Streets, Courtroom 5C
Camden, New Jersey 08101

Re: The Hansen Foundation, Inc., *et al.* v. City of Atlantic City, et al.
Civil Action No.: 1:21-cv-20392-NLH-AMD
Our File No. 5943-15

Dear Judge Pascal:

Please accept this letter in response to your request regarding the necessity for Ms. Rebetje's execution of the settlement agreement. To provide additional context to this matter, I have outlined the history of this case to clarify Ms. Rebetje's involvement.

This matter began in New Jersey State Court in 2019 under the docket ATL-L-2559-19. The Hansen Foundation, Inc., Hansen House, LLC, a subsidiary of the Hansen Foundation, Inc., and Rienna Rebetje, a resident of the Hansen's sober living home located at 16 S. Tallahassee Avenue, sued Atlantic City under the Fair Housing Act ("FHA"), Americans with Disabilities Act ("ADA"), the Rehabilitation Act ("RA"), 42 *U.S.C.*§1983, the Fourteenth Amendment, the New Jersey Law Against Discrimination ("NJLAD"), and the New Jersey Civil Rights Act ("NJCRA") in state court. Hansen challenged two sections of Atlantic City's municipal code, §157-1 and §163-66B, and the City's refusal to grant Hansen a Certificate of Land Use Compliance ("CLUC") for its sober living home located at 16 S. Tallahassee Ave.

By Atlantic City's motion, the state case was removed from the Federal District Court in October 2019 and proceeded under Case No.: 1:19-cv-18608-NLH-AMD, which included Ms. Rebetje as a Plaintiff. The parties filed cross-motions for summary judgment and on December 3, 2020, the District Court granted Hansen's motion in part, invalidating §157-1 of Atlantic City's municipal code which contained a discriminatory distance ordinance applicable to sober living homes, but dismissed Hansen's claims regarding §163-66B. The Court also dismissed the FHA, ADA, RA, NJCRA, Fourteenth Amendment, and §1983 claims as unripe because Hansen had not yet exhausted its administrative remedies by appealing the City's denial of a CLUC or applying to

Magistrate Judge Elizabeth A. Pascal
November 7, 2024
Page 2

_____

the Atlantic City Zoning Board ("Board") for a use variance to operate its sober living home at 16 S. Tallahassee Ave. The District Court remanded the remaining NJLAD claim back to New Jersey Superior Court under the docket ATL-L-2559-19.

On January 27, 2021, Hansen applied to the Board to appeal the CLUC denial and, alternatively, for use variance relief. Hansen's NJLAD claim in New Jersey Superior Court was held in abeyance pending a decision on the application. The Board denied Hansen's CLUC appeal and application for a use variance on August 26, 2021. On October 28, 2021, the Board adopted a Resolution memorializing its denial. On December 7, 2021, the Hansen Foundation, Inc. and Hansen House, LLC filed claims[1] against Atlantic City and the Board under the FHA, ADA, NJLAD, §1983, and the New Jersey Municipal Land Use Law ("MLUL").

The 2021 Federal Complaint did not include Ms. Rebetje as a Plaintiff; however, she remained a Plaintiff in the State Court litigation which is still pending. In August 2023, the State Court executed a consent order dismissing Hansen's NJLAD claims *without* prejudice and tolling the statute of limitations pending the outcome of the Federal litigation. On March 12, 2024, the parties appeared before Your Honor for a settlement conference. The parties agreed upon the terms of a global settlement that also resolved the State litigation, which per the terms of the consent order could be reinstated, in which Ms. Rebetje remains a party. Therefore, Ms. Rebetje is included in the settlement agreement due to her role as a Plaintiff in the related State litigation.

Hansen intends, with Your Honor's approval, to take the following course of action. Hansen will make further attempts to locate Ms. Rebetje. We recently found a potential address and contact information for Ms. Rebetje and are in the process of verifying that information. Should our efforts to contact Ms. Rebetje be unsuccessful, we intend to file a motion to be relieved as Ms. Rebetje's counsel in the State Litigation on the grounds that Ms. Rebetje cannot be reached or located and would submit a certification outlining our diligent efforts at contacting her. If need be, we would effectuate service of that motion upon Ms. Rebetje by publication or any other method required by the State Court. In the event Hansen is relieved as Ms. Rebetje's counsel, the parties will remove Ms. Rebetje from the settlement agreement and execute the same formally settling both the State and Federal Litigations. We wanted to make the Court aware of this issue due to the fact that it also affects settlement of the Federal Litigation.

---

[1] Hansen also filed claims against the Department of Community Affairs ("DCA") due to its oversight and control of Atlantic City, including its control of litigation and the City's legal affairs, under the Municipal Stabilization Act, *N.J.S.A.* 52:27BBBB-5a(3)(d). However, those claims were dismissed on summary judgment.

Magistrate Judge Elizabeth A. Pascal
November 7, 2024
Page 3

_____

                                                   Respectfully submitted,

                                                   NEHMAD DAVIS & GOLDSTEIN, P.C.

                                 BY:   *Keith A. Davis*
                                                 KEITH A. DAVIS

KAD:ch

c.     All Counsel of Record *(Via PACER)*
       Jennifer Hansen, President/CEO *(Via E-mail)*
       Michael Lentz, Treasurer *(Via E-mail)*